

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

**NO. 02-10-00006-CV**

IN THE INTEREST OF J.C.R.
AND B.B.N.N., CHILDREN

------------

FROM THE 362ND DISTRICT COURT OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

----------

Appellant R.N.N. (Father) appeals from the trial court's termination of his parental rights to sons J.C.R. and B.B.N.N. He does not challenge the sufficiency of the evidence supporting termination. Instead, in his sole issue, Father contends that "[t]he trial court erred in excluding witness testimony and a related document controverting similar lines of question by [Texas Department of Family and Protective Services (TDFPS)] and seeking to introduce evidence of [Father's] successful parenting of a child born after the removal of the children at

---

[1]*See* Tex. R. App. P. 47.4.

issue." Father contends that the exclusion of the evidence violated his constitutional right to cross-examine "[TDFPS's] key witness" and also "deprived [him] of the benefit of a statutory duty on the part of the court to examine the actions of [TDFPS] in regard to [his] later-born child." Father did not preserve any constitutional complaints regarding the exclusion of his proffered evidence.[2]

Further, even if the trial court abused its discretion by excluding the proffered evidence, which we do not hold, to obtain reversal of a judgment based upon an error in the trial court, an appellant must show that the error occurred and that it probably caused rendition of an improper judgment or probably prevented the appellant from properly presenting the case to this court.[3] We will not reverse a trial court's judgment because of an erroneous evidentiary ruling unless the ruling probably caused the rendition of an improper judgment.[4] The complaining party must usually show that the whole case turned on the evidence at issue.[5] If erroneously admitted or excluded evidence was crucial to a key

---

[2]*See* Tex. R. App. P. 33.1(a); *see also* Tex. R. Evid. 103(a)(1).

[3]Tex. R. App. P. 44.1(a); *Romero v. KPH Consolidation, Inc.*, 166 S.W.3d 212, 225 (Tex. 2005).

[4]*Reliance Steel & Aluminum Co. v. Sevcik*, 267 S.W.3d 867, 871 (Tex. 2008).

[5]*Interstate Northborough P'ship v. State*, 66 S.W.3d 213, 220 (Tex. 2001); *City of Brownsville v. Alvarado*, 897 S.W.2d 750, 753–54 (Tex. 1995).

issue, the error was likely harmful.[6]  We examine the entire record in making this

determination of harm.[7]

The excluded evidence shows that the testifying CPS caseworker

- knew that CPS had received a neglectful supervision referral on Father and Mother after Mother delivered another baby, V.N., subsequent to the filing of the petition in this case and the removal of J.C.R. and B.B.N.N.;

- believed that she had seen the report of the referral but did not know specifically what it alleged;

- had no personal knowledge of any act of neglectful supervision committed by either parent on the first two days of V.N.'s life;

- believed that CPS investigated the report but did not know the specifics of the investigation;

- knew that CPS had made a home visit;

- believed that it was unannounced and that V.N. was present;

- did not know the circumstances of the visit;

- did not see a child safety evaluation report; and

- did not know whether Father and Mother were notified of the cause of the investigation, the nature of the referral, or the results of the investigation.

The letter from TDFPS admitted for the record provides that TDFPS had

closed the investigation and ruled it "Unable to Determine."

The excluded evidence pertains to a referral filed the day after the birth of

V.N., a child not the subject of this appeal who was born to Father and Mother

---

[6]*State v. Cent. Expressway Sign Assocs.*, 302 S.W.3d 866, 870 (Tex. 2009); *Reliance Steel*, 267 S.W.3d at 873.

[7]*Interstate Northborough P'ship*, 66 S.W.3d at 220.

after the petition in this case was filed and to the witness's ignorance about details of the referral, the investigation, and its results. The only key issue to which Father attributes the excluded evidence is best interest, but he does not contend that the case turned on the excluded evidence. Again, Father does not challenge the sufficiency of the evidence supporting the trial court's finding that termination of his parental rights to J.C.R. and B.B.N.N. is in their best interest, and our review of the record yields an overwhelming amount of evidence supporting that finding.

Consequently, we hold that Father has not shown that the trial court's error, if any, in excluding the evidence has probably resulted in an improper judgment. We therefore conclude that any error in excluding the evidence was harmless, overrule Father's sole issue, and affirm the trial court's judgment.

PER CURIAM

DELIVERED: February 24, 2011

4